UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DERRICK SCOTT | CIVIL ACTION NO. 04-0460-P |
| versus | JUDGE WALTER |
| RAY HANSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Derrick Scott ("Plaintiff") is a convicted prisoner who is housed at the David Wade Correctional Center. He filed this civil action against Lt. Col. Ray Hanson based on allegations that Hanson twice sprayed a chemical agent in Plaintiff's face while Plaintiff was fully restrained. Plaintiff filed a **Motion for Summary Judgment (Doc. 18)**. Hanson has not filed an opposition to the motion, but he has filed his own **Motion for Summary Judgment (Doc. 22)**. As explained below, the affidavits submitted by the parties give rise to genuine issues of material fact, so both motions should be denied.

**Plaintiff's Summary Judgment Evidence**

Plaintiff's motion is supported by his declaration under penalty of perjury and pursuant to 28 U.S.C. § 1746. Facts sworn to under that statute have been recognized as competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762 n. 1 (5th Cir. 2003). Plaintiff testifies that on May 15, 2003 he received sanctions in an "extended lock down court" presided over by Hanson. Plaintiff testifies that, after receiving the sanctions, he made

a statement about the law to Hanson, which made Hanson angry. Hanson followed Plaintiff out of the courtroom to the N4 lobby. Declaration, ¶ 4.

Plaintiff testifies that he was standing in the lobby in full restraints, including handcuffs, waist chain and leg irons, when Hanson sprayed him with a chemical agent. Declaration, ¶ 5. Hanson and another officer then escorted Plaintiff to his cell, and Plaintiff was placed in the cell still in restraints. Hanson again sprayed Plaintiff with a chemical agent. Declaration, ¶ 6. Plaintiff contends that the use of the chemical spray was totally unnecessary and constituted excessive force in violation of the Eighth Amendment.

Plaintiff also submits statements from inmates Kevin Peterson and George Wright that appear to be in compliance with Section 1746. Neither inmate testifies that he saw the event in the lobby outside the courtroom, but both testify that they witnessed Hanson walking Plaintiff down the tier. Plaintiff was in full restraints, and Hanson was holding Plaintiff roughly by the back of his collar and threatening to "burn him up with mace." Plaintiff was, according to the two witnesses, placed inside a cell still in full restraints. Without any noise or outburst or refusal of any orders, and without a camera being set up, Hanson "without justification" sprayed about a five second burst of mace on Plaintiff. Doc. 18, pages 11-12.

**Hanson's Summary Judgment Evidence**

Hanson submits affidavits from himself and three prison officials. He paints a different picture of the events than what is portrayed in Plaintiff's affidavits. Hanson testifies that, after the disciplinary hearing, Plaintiff became "loud and boisterous" in the N4 housing

unit, to the extent that the officer who was assigned to monitor the tiers in the unit could not do so effectively. Hanson gave Plaintiff "several orders" to quiet down. Plaintiff was then escorted down the tier to his cell. Hanson Affidavit, ¶ 8. Hanson does not specifically deny spraying Plaintiff while in the lobby area, but neither his affidavit nor the incident reports filed afterwards describe the use of chemical spray up to this point in the events.

Hanson testifies that Plaintiff refused to comply with orders to quiet down, even after Plaintiff was escorted back towards his cell. Hanson determined that force might be needed to obtain order, so he directed Sgt. Wainwright to set up a video camera. The camera, however, displayed an indicator called "Dew Detection" and would not operate. Hanson Affidavit, ¶ 8; Wainwright Affidavit, ¶ 8.

Hanson informed Plaintiff that mace was going to be used to gain compliance if he did not quell his outbursts. Plaintiff refused to comply and continued to be loud and boisterous. Hanson then sprayed a 2 to 3 second burst of Deep Freeze Mace to Plaintiff's head and chest area. When Plaintiff ceased hostilities, prison medical personnel were notified. Plaintiff was offered a shower, but he refused and was returned to his cell without further incident. Hanson Affidavit, ¶ 8; Wainwright Affidavit, ¶ 8. Hanson testifies that he used only the amount of force necessary to restore discipline following Plaintiff's refusal to comply with several orders to be quiet in the housing unit. Hanson Affidavit, ¶ 11.

Pam Hearn, M.D., has been employed as a physician at David Wade for approximately 18 years. Attached to her affidavit are prison medical records, which she summarizes in her

testimony. The records show that Registered Nurse Sue Odom responded to the call to the N4 unit, and Plaintiff complained of his eyes and skin burning. Plaintiff was brought from his cell to the lobby area, where both eyes were flushed with sterile water. Plaintiff said he needed a bath, but Nurse Odom told him that he could have a shower when security felt it was safe to do so. She noted no injuries or respiratory distress. The exam was normal, and no medical treatment was needed. Hearn Affidavit, ¶¶ 3-6.

The use of the mace occurred just before 11:00 a.m. Later that afternoon, Plaintiff made a sick call complaining that his skin and private parts were burning from the mace because he was never given a shower. The nurse note indicates that security said Plaintiff would be able to shower if he wanted. Hearn Affidavit, ¶ 7. Medical records from visits in the months that followed indicated no complaints of peeling facial skin (which damage Plaintiff alleged in his complaint) or other ill effects from the May 15, 2003 use of mace. Plaintiff did complain of burning eyes and skin after another use of mace on August 15, 2003, but that event is unrelated to this civil action. Hearn Affidavit, ¶¶ 8-15.

Dr. Hearn testifies that she is familiar with the effects of mace, pepper spray and other chemical agents used at the prison. When a person is sprayed with a "minimal amount of mace," the effects, including coughing, tearing of the eyes, redness and burning of the eyes and skin, appear almost immediately but normally disappear within two or three hours or a shorter time if the person washes his face and changes his clothes. She describes the "very

minor complaints" made by Plaintiff as "completely consistent with a minimal exposure to mace (a 2 to 3 second burst)." Hearn Affidavit, ¶¶ 16 & 17.

**Analysis**

    **A. Use of Force; Issues of Fact**

Whether an Eighth Amendment excessive force claim has been made out depends on whether the "force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995 (1992). The factors to be looked to include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response. Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999). This standard applies with equal force to claims that prison officials used a chemical agent on an inmate. See Davis v. Cannon, 91 Fed. Appx. 327 (5th Cir. 2004); Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998).

There are quite obvious genuine issues of material fact with regard to the need for the application of the force and, with respect to the alleged lobby incident, whether force was even used. The evidence offered by Hanson suggests a reasonable application of force to maintain or restore discipline. On the other hand, Plaintiff's affidavits portray Hanson as (1) spraying the fully restrained Plaintiff with mace simply because Hanson was angered by a statement that Plaintiff made about the law and (2) spraying Plaintiff while Plaintiff was fully

restrained, locked in his cell and was not being disruptive or disobeying orders. Given the directly conflicting testimony on the central facts, neither party's motion for summary judgment may be granted.

### B. *De Minimis* Injury

Hanson argues that summary judgment is also appropriate because Plaintiff's injuries were *de minimis*. The Supreme Court struck down the Fifth Circuit's requirement of a "significant injury" to prove excessive force under the Eighth Amendment, but the Fifth Circuit continues to require a plaintiff to have suffered at least "some form of injury." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999), clarified on rehearing, 186 F.3d 633 (5th Cir. 1999). In determining whether an injury caused by excessive force is more than *de minimis*, the court looks to the context in which the force was deployed. Williams, 180 F.3d at 703.

"What constitutes an injury in an excessive force claim is therefore subjective – it is defined entirely by the context in which the injury arises." Id. at 704. For example, the plaintiff in Williams alleged that he received the same physical injury (choking) in two separate encounters. The choking that occurred during an attempted (legal) search of the Plaintiff's mouth was deemed not a cognizable injury, but a second identical choking that was committed in the absence of any valid reason to continue the physical contact was a potential injury that precluded summary judgment. Id.

All facts and inferences must be construed in the light most favorable to the non-moving party when reviewing a motion for summary judgment. Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). Accordingly, Plaintiff's version of the facts must be assumed when considering this argument. Those facts suggest that Hanson twice sprayed the fully restrained Plaintiff in the face with chemical spray without justification. As Williams demonstrates, an injury that may be *de minimis* in one context is actionable in another, and the context suggested by Plaintiff's evidence indicates a potentially actionable injury. The lack of lasting physical marks or lingering effects of the injury is also insufficient to permit summary judgment for Hanson. There are many forms of force, such as choking, use of electric shock or beating a person on the head with a phone book, that leave no lasting marks or visible injuries but may nonetheless support an excessive force claim. The use of chemical spray falls in that category.

**Conclusion**

Key facts regarding the use of force are genuinely and squarely disputed in the competing affidavits. Those factual disputes cannot be resolved on a motion for summary judgment, so it appears that the jury trial requested by both parties will be necessary. A magistrate judge often conducts a hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and recommends a resolution of a prisoner petition that asserts claims such as presented in this case, but that procedure is not available when the parties have demanded a jury, absent consent of all parties and referral of the case by the district judge. Otherwise, the jury trial

must be conducted before a district judge. McAfee v. Martin, 63 F.3d 436 (5th Cir. 1995). That may be required in this case.

Accordingly;

**IT IS RECOMMENDED** that **Plaintiff's Motion for Summary Judgment (Doc. 18)** and **Defendant Ray Hanson's Motion for Summary Judgment (Doc. 22)** be **DENIED.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of February, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE